
**Exhibit 24**

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Apartment REDACTED West Street,<br>New York, New York, and any<br>closed containers and items therein | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. **12 MAG 0204** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:
Apartment REDACTED West Street, New York, New York, and any closed containers and items therein

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
certain books, records, and other documents described in Exhibits A and B to this warrant

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___Feb. 3, 2012___
                                                   *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been
                                                  established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court. _____
     ☐ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.
                                                                *USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                ☐ until, the facts justifying, the later specific date of _____

Date and time issued: ___JAN 25 2012___
                        *4:15 pm*
                                                 HON. MICHAEL H. DOLINGER
                                                 United States Magistrate Judge

City and state: ___NY NY___
                                                 *Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## EXHIBIT A

PROPERTY TO BE SEIZED AT THE PREMISES KNOWN AND DESCRIBED AS APARTMENT REDACTED WEST STREET, NEW YORK, NEW YORK 10004, and any closed or locked cabinets, briefcases, and other containers kept therein, including computers and electronic storage devices (collectively, "the PREMISES"):

1.    Financial records concerning the individuals and entities listed in Exhibit B, which is incorporated by reference herein, including banking and brokerage firm account statements, checks, and transaction records, wire transfer instructions and similar documents concerning or reflecting movements of funds, account and account holder information, check numbers, account numbers and Federal Reserve routing numbers;

2.    Personal financial records of any individuals named in Exhibit B or of any employees, agents, or shareholders of any of the entities listed in Exhibit B, including banking and brokerage firm account statements, checks, and transaction records, wire transfer instructions and similar documents concerning or reflecting movements of funds, account and account holder information, check numbers, account numbers and Federal Reserve routing numbers;

3.    Telephone bills, telephone message pads, notes, memoranda and other records of internal and external communications between, among, or relating to any of the individuals and entities listed in Exhibit B;

4.    Correspondence, audio tapes, and video tapes concerning any of the individuals and entities listed in Exhibit B;

5.    Hotel, airline and credit card receipts reflecting the dates and locations of meetings or travel to meetings concerning any of the individuals and entities listed in Exhibit B;

6.    Photographs, address books, Rolodexes, diaries, income tax returns and calendars concerning the operations and management of any of the individuals and entities listed in Exhibit B;

7.    Computers, flash drives, internal and external hard drives, diskettes and other magnetic storage media, and files, data and information contained thereon, used to store names, telephone numbers and addresses, and other information, including but not limited to personal digital assistants such as iPhones, iPads, Blackberrys, smartphones, and cellphones, as well as

1

drafts and final versions of documents and correspondence, used by, or used in connection with the individuals and entities listed in Exhibit B. If computers, computer-related equipment, and other electronic devices are found on the PREMISES, the FBI will employ the methodology set forth in Exhibit C, which is incorporated by reference herein, with respect to their search;

8. Marketing materials relating to any of the individuals and entities listed in Exhibit B, including offering materials, private placement memoranda, sales scripts, investor "lead" lists, investment agreements, financial statements, and other documents concerning, relating to, the purchase or sale of securities;

9. Documents identifying shareholders or investors in the entities listed in Exhibit B, including transfer agent records, stock certificates, investor lists, investor files, investment subscription agreements, copies of checks received from or sent to investors, copies of account statements sent to investors, copies of correspondence sent to and received from investors, Federal Express, DHL or other records reflecting mailings by private commercial carriers and the U.S. Postal Service, and other documents concerning or reflecting the identities and participation of investors in such schemes;

10. Documents reflecting the ownership by the individuals and entities listed in Exhibit B of real properties and personal property purchased with the proceeds of fraud, including but not limited to houses, apartments, cars, boats, and jewelry, including purchase and sale agreements, deeds, mortgage documents, and other real estate or other property closing documents;

11. Identification documents and other documents which may reflect the identities of persons listed in Exhibit B or persons affiliated with the entities listed in Exhibit B; and

12. Corporate documents reflecting the ownership or structure of, or relationship between and among, any of the entities listed in Exhibit B, including incorporation documents, inter-company agreements, lists of partners and stockholders, organizational charts, and corporate resolutions and bylaws.

## INDIVIDUALS AND ENTITIES

New York Global Group, Inc. ("NYGG-USA"),
a/k/a New York Global Capital

Benjamin Wey, a/k/a Benjamin Wei,
a/k/a Tianbing WEI, a/k/a WEI Tianbing

Tianyi Wei, a/k/a Tian Yi Wei, a/k/a Sarah Wei, a/k/a Wei Tian Yi

Yingmao Wei, a/k/a Wei Yingmao

Michaela Wey, a/k/a Michaela Wei, a/k/a Michaela Perlikova

Michal Perlik, a/k/a Michael Perlik

Bodisen Biotech, Inc.

AgFeed Industries, Inc.

Smartheat, Inc., f/d/b/a Pacific Goldrim Resources

James Jun Wang

Deer Consumer Products, Inc., f/d/b/a Tag Events Corporation

Ying He

CleanTech Innovations, Inc., f/d/b/a Everton Capital Corp.

Bei Lu, a/k/a Lu Bei

Nova Lifestyle, Inc.

Capital Properties, Inc.

P.O. Box 663, New York, New York, 10274-0663

Guo Sheng, Ltd.

Strong Growth Capital, Ltd.

York Capital Management, Ltd.

Han Hua, Ltd.

Wolf Enterprises, Ltd.

Advantage Consultants, Ltd.

Finchley International Investments

Ming Li, a/k/a Ming Lee, a/k/a Li Ming

New York Global Group (Asia), Ltd.

Tianjin NYGC Investment Consulting Co., Ltd.

Yuzen Hou, a/k/a Hou Yuzen

Zhang Chen, a/k/a Chen Zhang

Wang Jiahua, a/k/a Jiahua Wang

Song Nian Hui, a/k/a Nian Hui Song

Dong Xin, a/k/a Xin Dong

Yang Xiu Yun, a/k/a Xiu Yun Yang

Li Yan, a/k/a Yan Li

Seaboard Securities, Inc.

Anthony DiGiovanni, Sr.

Anthony DiGiovanni, Jr.

First Merger Capital, Inc.

First Merger Capital (Delaware), Inc.

William Scholander

Talman Harris

Guy Durand

Maureen Gearty

Alexander Velez

Stephen M. Barbot

George L. Calhoun

Akil Channer

Steros Christoforou

Frank DiMartini

Michael Dugan

Jorge C. Ferreira

Vincent Ficci

Joseph B. Gatkuoth

Boris Hochman

Edward Irvin

Stuart A. Jeffrey

Alex Kibrik

Bryan Kimbrough

William Ma

Mack L. Miller

Edward Mostafa

Akfgrif Neunie

Joseph R. Oleske

Timal Robinson

Myron Rosenkranz

Douglas Shebroe

Nicholas Sinclair

Joseph J. Steward

Labron Toles

Calvin Vaval

Francis Vetere

RRZ Management

Ronen Zakai

Regina Schwartz

Ike Naim

Interwest Stock Transfer

Harold Walker, a/k/a "Jim Walker"

Karen Walker

Brian Walker

Graham Walker

Luke Walker

Norma Walker

Katherine I. Walker

Daniel Walker

Fufuko Walker

Adriana Walker

Samuel Walker

Keller Walker

James Walker

Robert Newman

Erika Newman

Arnold Staloff

Sharon Staloff

Elizabeth (Liz) Scholander

Barry Slotnick

Stuart Slotnick

Josephine Aspromonte

Andrew Aspromonte

Nadine Aspromonte

Patricia Aspromonte

Katya Voronchuk

Tiffany Fields

Regina Schwartz

Travis McDonald

Talman Harris

Keisha Harris

Michelle Harris

Sara Urbanski

Leroy Urbanski

Noelle Urbanski

Christopher Urbanski

John Cragin

Becky Cragin

Kim Cragin

Chris Cragin

Duane Jobe

Wendy Jobe

Andrew Drake Jobe

Louise Adams

John Adams

Kansas Rosalind Day

Steve Day

Herman Palmero

Nancy Palmero

John Baginski

Nancy Ninive

Edward (Eddie) Ninive

Jennifer Ninive

Kathy Ninive

George Vellios

Andrea Vellios

James Schiro

Charles Schiro

Pauline Bartley

Mark Robinson

Marie Robinson

Thelma Robinson

Joseph Valente

Corie Valente

Anthony Valente

William Uchimoto

Marsha Uchimoto

Fred Rittereiser

Alexis Rittereiser

Robert Rittereiser

Jacquelyn Rittereiser

Brenda Diagnault

Gerard Diagnault

Matthew Apfel

Yi Zhang

John Stadler

Kathi Harms

Ethel Konig

Barry Konig

Lu Yuan

Wang Yuan

Wu Nan

Han Bo

Zhao Guangyu

Bai Weijiang

Wang Yu

Du Wei

Shao Huifa

Liu Junwei

Edward McMillan

Qian Lu

Wanshuang Zhang

Wang Yingkai

Steven Perlstein

Michael Kim

Joe Giamichael

Barney Monte

Kevin Pickard

Jeffrey Gruehn

Zhe Pang

Ana Cicero

Gary Cicero

Peng Guo

Albert Lee

Phil Quartuccio

Ramnarain Jaigobind

Joseph Rizzello

Nico Rizzello

Maline Rizzello

Daria Rizzello

Justin Rizzello

James Wilent

Mary Anne Wilent

Aliya Morgan

Rupert Barcoo

Ester Saintable

Huajun Ai

Rick Exton

David McCusker

Stephanie McCusker

Susanne Mulligan

Claudia Allon

Liu Xinting

Jacquelyn Hart

Harban Capital

Greg Mulligan

Joseph Naselli

James Shaughnessy

Patty Shaughnessy

Gary Smalley

Norma Smalley

Raquel Sanchez

Vincent Cervone

Carol Calabro

Timothy Calabro

Francine Curcio

Olga Gutnik

Laura Tizio

James Hayes

Barry Cohen

Quianna Mongol

Viviana Escabar

Gineva Escabar

Damion Escabar

Elijah Graham

EXHIBIT C

## METHODS TO BE USED TO SEIZE AND SEARCH
## COMPUTERS AND COMPUTER-RELATED EQUIPMENT

1. In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

a. Upon securing THE PREMISES, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items contain contraband and whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

b. If the computer equipment and storage devices cannot be searched on-site within a reasonable amount of time and without jeopardizing the ability to preserve the data, and if the computer equipment and storage devices do not contain contraband, then the computer personnel will determine whether it is practical to copy the data during the execution of the search in a reasonable amount of time without jeopardizing the ability to preserve the data.

c. If the computer personnel determine that these items contain contraband, or that it is not practical to perform an on-site search or make an on-site copy of the data, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

d. The analysis of electronically stored data, whether performed on-site or in a separate, controlled environment, may entail any or all of several different techniques. Such techniques may include, but shall not be limited to, surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files); "opening" or reading the first few "pages" of such files in order to determine their precise contents; "scanning" storage areas to

discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and performing electronic "key-word" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are related to the subject matter of the investigation.

2.   Any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offense, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offense specified above.

3.   In searching the data, the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein.   In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.[1]

4.   If the computer personnel determine that the computer equipment and storage devices are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(b), the government will return these items, upon request, within a reasonable period of time.

5.   In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

     a.   Any computer equipment and storage device capable of being used to commit, further or store evidence of the offenses listed above;

     b.   Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners;

---

     [1]   Agents will have procedures in place to segregate any potentially privileged materials or files.

2

c.    Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, flash drives, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

d.    Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software;

e.    Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

f.    Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g.    Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.