UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 2 0 2016
```

United States of America,

-v-

Benjamin Wey,

        Defendant.

15-cr-611 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On May 31, 2016, The Government requested that the Court seal Exhibits 9 and 25 to Wey's May 27, 2016, motion, and permit them to be refiled with the names of certain third parties redacted. Both exhibits are search warrant applications and accompanying affidavits. On the same day, the Government filed redacted versions of its memorandum of law and accompanying exhibits in opposition to Defendant Benjamin Wey's May 2, 2016, motion on ECF. The Government submitted unredacted versions to the Court via email, requesting that they be filed under seal. As explained below, these requests are granted in part and denied in part.

    Following the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), the Court determines that the exhibits and the memorandum of law are judicial documents to which both a common law and a First Amendment right of public access attaches. *See id.* at 121 ("[D]ocuments submitted to a court for its consideration in a . . . motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."). Because the greater First Amendment right of access attaches, the Court need not consider the strength of the common law right. *United States v. Erie Cty.*, 763 F.3d 235, 241 (2d Cir. 2014). Sealing can "be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. The privacy interest

1

of third parties is one such higher value. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

The Court determines that the privacy interests of third parties outweigh the First Amendment right of access in redacting the names of individuals discussed in Exhibits 9 and 25. Although those individuals have not been accused of any crime, "revelation of the name[s] may lead some members of the public to find—wrongly—'fire' when nothing but 'smoke' exists." *United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013). In light of the narrowness of the proposed redactions, the privacy interests of the third parties "do warrant redactions to protect their identities, especially given that disclosure of their specific identities neither furthers the need for the public monitoring of federal courts, nor fosters an appearance of fairness in the criminal trial, which are the rationales underlying the public right of access to judicial documents and proceedings." *United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (citations, brackets, and internal quotation marks omitted). However, the Court will not permit the Government to redact the names of those individuals whose connection to this case is already visible in public court records—specifically, those individuals mentioned in the complaint in the parallel civil action filed against Wey by the SEC. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) (refusing to seal names already made public in court filings).

Turning to the Government's memorandum of law and accompanying exhibits, the Court similarly concludes that in light of the narrowly-tailored proposed sealing and redactions, the privacy interests of third parties are sufficient to overcome the common law and First Amendment presumption of access. *See Amodeo*, 71 F.3d at 1051 ("[C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'"). The Court notes that the Government's Exhibit A is simply another search warrant affidavit similar or identical to those discussed above. This may not be filed under seal. However, it may be redacted similarly to Defense Exhibits 9 and 25.

It is hereby ordered that:

- Exhibits 9 and 25 attached to Dkt. No. 46 are sealed.
- No later than July 19, 2016, the Government shall file on the public docket copies of Exhibits 9 and 25 attached to Dkt. No. 46, as well as Exhibit A attached to Dkt. No. 47. These documents may be redacted to omit the names of innocent third parties as proposed. However, the Government shall not redact the name of any individual that appears in the complaint in the parallel civil action, 15-cv-7116.
- The Government's request to redact its memorandum of law, Dkt. No. 47, and to file Exhibit C under seal is granted.

The parties are instructed that future requests to file redacted documents or documents under seal shall follow the procedures set forth in Rule 4.A of the Court's Individual Rules and Practices in Civil Cases, and be accompanied by argument and authority justifying the requested sealing or redaction.

This Order will be filed under seal. Barring objections, the Order will be placed on the public docket on July 19, 2016.

SO ORDERED.

Dated: _____, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge